U.S. DISTRICT COURT
For the District of Maine

| | |
|---|---|
| PATRICIA DEARBORN, an individual living in the Town of Corinth, in the County of Penobscot, State of Maine )<br><br>Plaintiff )<br><br>v. )<br><br>CITIBANK, N.A., a New York corporation in the City of New York, County of New York, State of New York )<br><br>and )<br><br>DISCOVER FINANCIAL SERVICES INSURANCE AGENCY, a Delaware corporation with a registered agent in the City of Portland, County of Cumberland, State of Maine )<br><br>and )<br><br>EQUIFAX INFORMATION SERVICES, LLC, a Georgia corporation with a registered agent in the City of Augusta, County of Kennebec, State of Maine )<br><br>and )<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation with a registered agent in the City of Portland, County of Cumberland, State of Maine )<br><br>and )<br><br>TRANSUNION, LLC, a Delaware corporation with a registered agent in the City of Augusta, County of Kennebec, State of Maine )<br><br>Defendants ) | COMPLAINT |

1. Patricia Dearborn (hereinafter, "Plaintiff") is an individual residing in the town of Corinth, County of Penobscot, and State of Maine.

2. Citibank, N.A. (hereinafter, "Defendant Citibank") is a New York corporation in the City of New York, County of New York, and State of New York.

3. Discover Financial Services Insurance Agency (hereinafter, "Defendant Discover") is a Delaware corporation with a registered agent in the City of Portland, County of Cumberland, and State of Maine.

4. Equifax Information Services, LLC, (hereinafter, "Defendant Equifax") is a Georgia corporation with a registered agent in the City of Augusta, County of Kennebec, and State of Maine.

5. Experian Information Solutions, Inc. (hereinafter, "Defendant Experian") is an Ohio corporation with a registered agent in the City of Portland, County of Cumberland, and State of Maine.

6. TransUnion LLC, (hereinafter, "Defendant TransUnion") is a Delaware corporation with a registered agent in the City of Augusta, County of Kennebec, and State of Maine.

7. This action arises under 5 MRSA § 205 et seq., The Maine Unfair Trade Practices Act, 15 U.S.C. §1681 et seq., The Fair Credit Reporting Act (FCRA), and 10 M.R.S.A. §§1311-1329, FCRA.

8. Jurisdiction is proper under 15 U.S.C §1681p which authorizes civil action by private persons to enforce the FCRA in the appropriate U.S. District Court.

9. 10 M.R.S.A. §1324 states the matter can be brought in any court of competent jurisdiction.

10. In October 2004, the Plaintiff applied for a Home Equity Line of Credit through Peoples Bank in Bangor, Maine.

11. In a letter dated October 22, 2004, Peoples Bank notified the Plaintiff that she was denied credit because of "delinquent credit past or present with others."

12. The Plaintiff had excellent credit and never had any difficulty in obtaining loans or credit cards in the past so she was shocked and confused as to why Peoples Bank denied her loan based on bad credit and outstanding debt.

13. The Plaintiff was also concerned because she needed the loan to finish construction projects on three properties in order to protect them before winter's onset.

14. Per the suggestion of Peoples Bank in their denial letter, the Plaintiff immediately contacted Defendant Experian, a credit reporting agency, to determine the genesis of the information that caused her loan to be denied.

15. The Plaintiff also contacted Defendants TransUnion and Equifax credit reporting agencies for their copies of her credit report.

16. The Plaintiff discovered that Defendants Citibank and Discover had reported credit cards belonging to a Keri Higgins to the three credit reporting agencies (Defendants Equifax, Experian, and TransUnion) as belonging to the Plaintiff.

17. The Plaintiff was never an authorized user of Ms. Higgins' Citibank or Discover credit cards.

18. Ms. Higgins used to live with the Plaintiff and the Plaintiff fielded several calls from Defendants Citibank and Discover on how to get in touch with Ms. Higgins.

19. The Plaintiff gave Ms. Higgins' contact information to both companies on several occasions.

20. Defendants Citibank and Discover continued to call the Plaintiff despite knowing Ms. Higgins did not live with her.

21. The calls from Defendant Citibank were always from the same two people and got progressively more hostile.

22. Defendant Citibank's calls occurred more than once a day and would often come after 11:00 p.m.

23. The Plaintiff moved addresses in mid-August 2004 and did not provide any forwarding information to the phone company for fear that Defendants Citibank and Discover would continue to harass her at her new phone number.

24. Upon information and belief, Defendants Citibank and Discover reported Ms. Higgins' debt on the Plaintiff's record soon after she moved because they could no longer contact and harass her via phone.

25. Upon learning that Defendants Citibank and Discover had erroneously reported Ms. Higgins' credit history in the Plaintiff's name, the Plaintiff contacted both companies to straighten out the matter.

26. Defendants Citibank and Discover refused to speak with the Plaintiff, saying that she was not an authorized user of the card.

27. The Plaintiff contacted Ms. Higgins who called Defendants Citibank and Discover to address the matter.

28. Defendant Discover told Ms. Higgins that they were in error and that a letter of apology should be sent to the Plaintiff.

29. The Plaintiff never received an apology from Defendant Discover.

30. Defendant Citibank was hostile toward Ms. Higgins and repeated their claim that the Plaintiff was not on their record as an authorized user.

31. The Plaintiff spent two months trying to correct her credit history so that her home equity line could be processed.

32. These two months have been vital to her business as a builder of speculative homes.

33. The Plaintiff has been unable to make many of the necessary investments in order to protect the three homes she is currently building from damages caused by the cold winter.

34. Additionally, the Plaintiff's credit has been irrevocably harmed.

35. The Plaintiff has received notice from two of her other credit card companies that her interest rates are increasing due to her revised credit rating.

36. The Plaintiff expects to have a difficult time in the future in obtaining loans and credit cards at reasonable interest rates.

37. The Plaintiff's ability to obtain these types of loans is critical to her business as a builder of speculative housing.

## COUNT 1
## MAINE UNFAIR TRADE PRACTICES ACT 5 MSRA §205 ET SEQ

38. The Plaintiff repeats and re-alleges paragraphs 1-37 as if fully set forth herein.

39. Defendants actions constitute unfair trade practice under 5 MRSA §205 et seq.

   WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

## COUNT II
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681s-2 (a) (1) (A)

40. The Plaintiff repeats and re-alleges paragraphs 1-39 as if fully set forth herein.

41. By their own admission, Defendants Citibank and Discover knew the Plaintiff was not an authorized user of the credit cards issued to Ms. Higgins.

42. Defendants Citibank and Discover knowingly furnished inaccurate information regarding the Plaintiff to Defendants Equifax, Experian & TransUnion credit reporting agencies, a direct violation of 15 U.S.C. §1681s-2 (a) (1) (A).

   WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

## COUNT III
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681s-2 (a) (3)

43. The Plaintiff repeats and re-alleges paragraphs 1-42 as if fully set forth herein.

44. Defendants Citibank and Discover did not recognize the Plaintiff's dispute of both firms' claims on her credit report. Per 15 U.S.C. §1681s-2 (a) (3), Defendants Citibank and Discover were obliged to notify the consumer reporting agencies that the consumer (Plaintiff) disputed the accuracy of the information they provided.

   WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

## COUNT IV
## THE FAIR CREDIT REPORTING ACT 15 U.S.C. §1681e (b)

45. The Plaintiff repeats and re-alleges paragraphs 1-44 as if fully set forth herein.

46. Defendants Equifax, Experian and TransUnion failed to employ reasonable procedures to ensure the maximum possible accuracy of the information reported by Defendants Citibank and Discover, a direct violation of 15 U.S.C. §1681e (b).

   WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

## COUNT V
## DEFAMATION

47. The Plaintiff repeats and re-alleges paragraphs 1-46 as if fully set forth herein.

48. The Defendants have published false and defamatory information concerning the Plaintiff to third parties.

49. The Plaintiff has suffered damages as a result.

50. Defendants have acted knowingly or in reckless disregard of whether their statements were true or not.

51. Defendants acted with malice.

    WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

## COUNT VI
## SLANDER

52. The Plaintiff repeats and re-alleges paragraphs 1-51 as if fully set forth herein.

53. The Defendants have published false and defamatory information concerning the Plaintiff to third parties.

54. The Plaintiff has suffered damages as a result.

    WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

## COUNT VII
## LIBEL

55. The Plaintiff repeats and re-alleges paragraphs 1-54 as if fully set forth herein.

56. The Defendants have published false and defamatory information concerning the Plaintiff to third parties.

57. The Plaintiff has suffered damages as a result.

    WHEREFORE, the Plaintiff respectfully requests that this court award damages, civil penalties, punitive damages, attorney's fees, and such other relief as this court may deem just, including but not limited to the correction of her credit record.

Dated this 26th day of January 2005.    /s/ Stephen C. Smith
                                                        Stephen C. Smith, Esq.
                                                        Smith Law Offices, P.A.
                                                        Attorney for Plaintiff
                                                        Maine Bar No. 8720
                                                        28 Main Street
                                                        Bangor, Maine 04401
                                                        Tel. no. (207) 941-2395